UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------
GIACOMO LAMPARELLI,
                         *Plaintiff,*          **CIVIL CASE NO: 1:22-cv-5604**

   -against-

JAMES MANZELLO, an individual and      **COMPLAINT AND**
MATTHEW PAVICH, an individual.          **JURY DEMAND**

                         *Defendants.*
-------------------------------------------------------

      Plaintiff Giacomo Lamparelli ("Mr. Lamparelli"), by his attorneys, Wrobel Markham LLP, as and for his Complaint against defendants James Manzello ("Manzello") and Matthew Pavich ("Pavich") (collectively "Defendants") alleges as follows:

## PRELIMINARY STATEMENT

      This is an action to recover damages caused by Defendants' copyright infringement, breach of contract, unjust enrichment and the breach of their promises to Mr. Lamparelli regarding his unique and protectable contributions to Defendants' demo song called "Coincidance" ("Defendants' Work"). After Mr. Lamparelli completed his modifications of Defendants' Work, Defendants published the final work and received significant success and popularity. Indeed, Volkswagen contracted to use the work in a SKODA automobile commercial, network television show "The Ellen Show" featured the final work, Netflix used the final work in the teaser for the animated movie "Back to the Outback," millions of streams were logged on Spotify, millions of views were logged on TikToc.com channels and YouTube.com channels. The Defendants, however, have ceased providing Mr. Lamparelli credit for his work, refused to recognize him as a co-author, refused to provide an accounting and refused to pay any compensation for Mr. Lamparelli's production services or his work on the Defendants' Work.

1

Mr. Lamparelli also seeks a declaratory judgment deeming him a co-author, an injunction requiring Defendants to afford Mr. Lamparelli proper credit for his contributions to Defendants' Work, as well as punitive damages, attorney fees and costs because Defendants' actions were intentional and unconscionable.

## PARTIES

1. Mr. Lamparelli is, and was at all relevant times, a citizen of the Italian Republic. Mr. Lamparelli is a well-known international composer, sound designer and music producer. He works with corporations and individuals to significantly modify and improve their music materials for commercialization. Mr. Lamparelli's works have been featured in movies, TV shows, commercials, videogames and trailers, with a client list from the United States, the European Union, India and Eastern Europe.

2. Upon information and belief, Manzello is, and was at all relevant times, a citizen of the United States of America and a resident of New York.

3. Upon information and belief, Pavich is, and was at all relevant times, a citizen of the United States of America and a resident of New York.

## JURISDICTION AND VENUE

4. These claims arise under the Copyright Laws of the United States, 17 U.S.C. § 1 et seq.

5. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1331 and § 1338.

6. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), not including interest and costs.

7. The Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. Manzello and Pavich are citizens of the United States of America and Mr. Lamparelli is a citizen of the Italian Republic.

8. This Court has personal jurisdiction over Manzello and Pavich pursuant to N.Y.C.P.L.R §§ 301 and 302, because, upon information and Manzello and Pavich both reside in and conduct business within the State of New York, including this District, and because a substantial part of the events or omissions giving rise the claims herein occurred within this District.

9. The Court has personal jurisdiction over Manzello and Pavich because Manzello and Pavich have sufficient minimum contacts with this District and regularly conduct business within this District such that exercising jurisdiction over Manzello and Pavich would not offend due process or traditional notions of fair play and substantial justice.

10. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because Manzello and Pavich are subject to the Court's personal jurisdiction in this District.

11. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(a), (b) and (c).

## FACTS

**Creation of the Works**

12. Defendants created, wrote and developed the lyrics and some of the instrumental portions of Defendants' Work.

13. Defendants' Work was not complete and required significant musical and production additions to make Defendants' Work a commercially viable work.

14. In 2015, Defendants contracted with Mr. Lamparelli (the "Contract") to add significant musical elements ("Mr. Lamparelli's Work") to Defendants' Work and to produce Defendants' Work.

15. However, the parties never memorialized the terms of their agreement into a written contract.

16. Defendants promised Mr. Lamparelli payment for his production contributions to Defendants' Work, credit, and royalties.

17. Mr. Lamparelli never agreed to or intended to transfer any of his copyright rights in Mr. Lamparelli's Work to Defendants.

18. As a direct result of the Contract with Defendants and Defendants' promise to provide credit and pay royalties to Mr. Lamparelli for his contributions, Mr. Lamparelli agreed to significantly revise Defendants' Work.

19. Mr. Lamparelli added layers of drums and other audio and rhythmic figures to Defendants' Work.

20. He added substantial, independent musical elements to the entire second verse including but not limited to the choice of leaving only bass and vocals, and slowly adding drums as the verse progresses.

21. In addition, he added the entire climax, "the drop" and ending, essentially the whole final section of the work.

22. The original demo of Defendants' Work does not contain musical elements similar to Mr. Lamparelli's Work and it is significantly shorter due of the lack of climax which was added by Mr. Lamparelli.

23. Mr. Lamparelli determined that leaving only bass and vocals in the second verse would enhance the variety of the entire composition elevating the emotional impact.

24. He added styling and revamped the song effects, which created depth, texture and enhanced the overall structure of the composition.

25. Collectively, Mr. Lamparelli's Work and Defendants' Work was combined into masters, instrumentals and stems to create the final work (hereinafter collectively referred to as "Coincidance").

26. Mr. Lamparelli was the original producer, contributing writer and a co-owner of the copyrights for Coincidance.

27. Coincidance contains all of Mr. Lamparelli's contributions including the last and most powerful impression of the song retained by the listener.

28. The final portion of the composition is the most valuable section of the song and has been duplicated significantly in social media and in all commercial renditions of Coincidance.

29. The climax, drop and ending created by Mr. Lamparelli were included in every version of the song that is currently published.

30. Mr. Lamparelli's Work is the most popular and recognized portion of the song.

31. Defendants and Mr. Lamparelli worked together to create a single product with each contributing independently, copyright protectable portions, *i.e.*, Mr. Manzello's lyrics and initial musical elements and Mr. Lamparelli's musical additions and revisions.

**Contractual Agreements**

32. Manzello has admitted to Mr. Lamparelli that he was a producer/independent contractor without a written contract and that Mr. Lamparelli's Work significantly contributed to Defendants' Work to create Coincidance.

33. Manzello issued a correspondence on August 23, 2017, stating that Mr. Lamparelli is entitled to compensation for Mr. Lamparelli's Work in Coincidance, and continued future royalties.

34. Manzello indicated that Mr. Lamparelli was entitled to at least one third of the revenue generated by Coincidance.

35. Later, Mr. Lamparelli asked Manzello for his portion of royalties.

36. At no time did Manzello contest or refute Mr. Lamparelli's entitlement to royalties.

37. Prior to the significant commercial reaction to Coincidance, Manzello offered to pay a third of the revenue generated at that time.

38. Mr. Lamparelli indicated that Manzello could keep the initial revenue for marketing, advertising, etc., until the revenues grew.

39. Manzello consistently assured Mr. Lamparelli that Mr. Lamparelli would receive a portion of all proceeds from Coincidance.

**Registration of the Works**

40. Upon information and belief, Defendants registered Coincidance with the American Society of Composers, Authors and Publishers ("ASCAP"). In the registration, Defendants erroneously listed Mr. Lamparelli as a performer rather than a co-author and producer of Coincidance.

41. Defendants failed to register Coincidance with the United States Copyright Office to protect Defendants' and Mr. Lamparelli's rights in Coincidance.

42. On May 6, 2022, Mr. Lamparelli filed an application for the registration of Coincidance with the United States Copyright Office with Case # 1-11350010651.

**Publicity of Coincidance and Monetary Gains**

43. Since the initial publication of Coincidance there has been significant media attention and interest in Coincidance.

44. Upon information and belief, Defendants contracted with TuneCore, Inc. as a worldwide distributor for Coincidance.

45. Defendants own a YouTube.com video channel that published Coincidance resulting in over 17 million views.

46. Upon information and belief YouTube.com pays significant royalties for the content contributed to its site by third-parties based on the number of views.

47. Upon information and belief, Defendants earned significant income from YouTube.com performances of Coincidance.

48. Defendants' TikToc.com channel for Coincidance has 1.1 million views.

49. Coincidance has over 11 million streams on Spotify which also pays royalties based on the number of streams.

50. Upon information and belief TikToc.com pays significant royalties for the content contributed to its site by third-parties based on the number of views.

51. Upon information and belief, Defendants earned significant income from TikToc.com performances.

52. Upon information and belief, several celebrities have used Coincidance in their YouTube.com and TikToc.com channels for which Defendants received significant royalties.

53. Upon information and belief, Defendants contracted with Volkswagen to use Coincidance, resulting in significant notoriety. Specifically, they created a commercial/video using Coincidance for the SKODA automobile that was shown in Taiwan.

54. Upon information and belief, Defendants were paid to go on tour in Taiwan to promote Coincidance and the SKODA automobile.

55. All of Mr. Lamparelli's Work was included in the SKODA automobile commercial version, on the TikToc.com channels and YouTube.com channels.

56. Mr. Lamparelli's Work was used in at least one video created by Jennifer Lopez.

57. Coincidance has been streamed over 11 million times on Spotify.com resulting in significant royalty payments to Defendants.

58. Coincidance was featured on the "The Ellen Show" television show.

59. Coincidance was used in the official teaser for Netflix's animated movie "Back to the Outback."

60. In addition, third-parties have contacted Mr. Lamparelli as an owner of Coincidance to negotiate license agreements for the use of Coincidance.

61. For the purpose of consistency, Mr. Lamparelli had directed these third-parties to Defendants to negotiate the terms of the license agreements and royalty rates.

62. Mr. Lamparelli is entitled to a portion of the royalties from all sources that have used Coincidance.

63. Mr. Lamparelli is entitled to compensation and royalties for Mr. Lamparelli's Work that was included in Coincidance.

**Breach and Infringement**

64. In order to secure Mr. Lamparelli's agreement to contribute to Defendants' Work and provide production services, Defendants and specifically, Manzello, promised to provide Mr. Lamparelli with credit attached to all publications and all uses of Coincidance.

65. As early as 2017, Mr. Lamparelli demanded and was provided an informal accounting.

66. On May 12, 2021, Manzello confirmed that Mr. Lamparelli is entitled to compensation for his work on Coincidance.

67. Mr. Lamparelli is entitled to continued future royalties.

68. Thereafter, Defendant Manzello, refused to provide any additional accounting of any royalties or other profits earned from Coincidance.

69. Mr. Lamparelli requested information regarding the status of the royalties and other profits earned from Coincidance and his requests were ignored.

70. On July 16, 2021, Mr. Lamparelli, requested through counsel, *inter alia*, status of the royalties or other profits earned from Coincidance.

71. On August 3, 2021, Manzello responded through counsel and refused to provide an accounting.

72. Upon review of the current publications of Coincidance, it appears that Defendants have removed all mention of Mr. Lamparelli from the credits.

73. Manzello has removed all attribution to Mr. Lamparelli in violation of the contract between Defendants and Mr. Lamparelli.

74. As of the date of this filing, Defendants have failed to provide any accounting of the proceeds and royalties collected as a result of the TuneCore, Inc. distribution contract, SKODA automobile commercial, the Spotify.com royalties, any payments resulting from "The Ellen Show," the official trailer for Netflix's animated movie "Back To The Outback," Jennifer Lopez's use and other celebrity uses, and publication through the TikToc.com and YouTube.com channels.  They have not provided any payments or any other compensation to Mr. Lamparelli as a result of using Mr. Lamparelli's Work.

75. Moreover, Manzello contested the existence of a contract and contested, for the first time, that Mr. Lamparelli was a co-author of Coincidance.

76. On September 17, 2021, though counsel, Mr. Lamparelli reiterated his rights, explained his position and again demanded *inter alia* an accounting.

77. Defendants' failure to recognize Mr. Lamparelli's copyright rights in Coincidance, their failure to provide Mr. Lamparelli credit for Mr. Lamparelli's Work that is contained within Coincidance, and their failure to provide an accounting of all profits and royalties earned by Coincidance has caused Mr. Lamparelli extensive damage, both monetary damage in an amount to be proven at trial, in excess of $2,000,000.00, and non-monetary damages.

78. Mr. Lamparelli seeks a declaration that he is a co-owner of the copyright for Coincidance, an injunction requiring Defendants to amend all registrations to include Mr. Lamparelli as a co-author and provide credit on all publications of Coincidance, an

accounting of all revenues collected from the commercialization of Coincidance, reasonable royalties for his contributions to Coincidance, payment for the work he did as a producer, attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Copyright Ownership and Injunction)

79. Mr. Lamparelli repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth at length herein.

80. As a result of Mr. Lamparelli's unique and creative contributions to Coincidance, Mr. Lamparelli is a joint copyright owner of the work pursuant to United States law.

81. Specifically, 17 U.S.C § 101, *et seq.*, recognizes the rights of authors of joint works. According to the Act, a joint work is one "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." *Ibid*.

82. The Copyright Act at 17 U.S.C § 201(a) provides that "the authors of a joint work are co-owners of copyright in the work."

83. Pursuant to the Act, joint owners must account for profits from its use.

84. In this matter Mr. Lamparelli was an independent contractor on commission; there was no written agreement between Mr. Lamparelli and Defendants.

85. Mr. Lamparelli contributed significantly to Coincidance as an author to the creation of the work.

86. Mr. Lamparelli, as a matter of law, is a joint author of Coincidance.

87. Manzello readily admits that Mr. Lamparelli was a producer/independent contractor without a written contract regarding Coincidance.

88. Mr. Lamparelli's Work contributed significantly and is important to the commercialization of Coincidance.

89. As a direct result of Mr. Lamparelli's Work, his production assistance and the interactions between Mr. Lamparelli and Defendants, Mr. Lamparelli requests that the Court declare him a co-owner of Coincidance copyright.

90. Mr. Lamparelli requests that the Court order Defendants to provide an accounting for the royalties and profits earned from Coincidance.

91. Mr. Lamparelli is without an adequate remedy at law to compensate him for Defendants' wrongful activity and therefore is entitled to injunctive relief; Mr. Lamparelli requests that the court issue an injunction requiring Defendants to amend all registrations to include Mr. Lamparelli as a co-author and producer.

92. Mr. Lamparelli without an adequate remedy at law to compensate him for Defendants' wrongful activity and therefore is entitled to injunctive relief; Mr. Lamparelli requests that the court issue an injunction requiring Defendants to amend all Coincidance credits to include Mr. Lamparelli as a co-author.

93. Mr. Lamparelli requests that the court order Defendants pay a reasonable royalty to Mr. Lamparelli for the contribution of Mr. Lamparelli's Work.

94. Moreover, Defendants' wrongful acts of failing to recognize Mr. Lamparelli as a co-author is causing damage to Mr. Lamparelli. Mr. Lamparelli is without an adequate remedy at law to compensate him for Defendants' wrongful activity and therefore is entitled to declaratory relief.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

95. Mr. Lamparelli repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth at length herein.

96. Defendants contracted with Mr. Lamparelli to add significant musical elements to Defendants' Work and to produce Defendants' Work and agreed to compensate Mr. Lamparelli a reasonable fee for his production services and a reasonable royalty or one third of the revenue from the commercialization of Coincidance.

97. In addition, Defendants' promised to give credit to Mr. Lamparelli as a producer in all of the publications of Coincidance.

98. As a direct result of the contract between Defendants and Mr. Lamparelli, Mr. Lamparelli agreed to significantly revise Defendants' Work and create Mr. Lamparelli's Work.

99. Thereafter, Defendants materially breached the contract and refused to provide any compensation for Mr. Lamparelli's Work and his production services.

100. Defendants also materially breached the contract by failing to provide any credit to Mr. Lamparelli for his work on Coincidance in the current publications of Coincidance.

101. To date, Defendants have not compensated Mr. Lamparelli for his production services, Mr. Lamparelli's Work or provided credit to Mr. Lamparelli in the publication of Coincidance.

102. To the extent that Defendants provided credit to Mr. Lamparelli in the past, all references to Mr. Lamparelli have removed or miscredit Mr. Lamparelli as a performer.

103. Mr. Lamparelli is entitled to damages for Defendants' material breach of the contract with Mr. Lamparelli.

104. By reason of the foregoing, Mr. Lamparelli has been damaged as against Defendants in a sum to be proven at trial, in excess of two million dollars ($2,000,000.00).

## THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

105. Mr. Lamparelli repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth at length herein.

106. At all times relevant hereto, Defendants acted willfully and in bad faith, with full knowledge and understanding that they were engaging in infringing conduct.

107. Defendants' wrongful actions, as described above, provide an unfair commercial and financial benefit to Defendants without compensation to Mr. Lamparelli who spent significant amounts of time and money developing Mr. Lamparelli's Work and providing production services.

108. Defendants' actions threaten the good will and reputation of Mr. Lamparelli and deprive Mr. Lamparelli of the full value of Mr. Lamparelli's Work and his production services that he has invested significant amounts of money in developing.

109. Defendants' wrongful acts are causing damage to Mr. Lamparelli and, to the extent Mr. Lamparelli's Work is deemed to lack copyright protection under federal law, Mr. Lamparelli is without an adequate remedy at law to compensate him for Defendants' wrongful activity and therefore is entitled compensation for unjust enrichment.

110. Defendants have wrongfully profited from Mr. Lamparelli's production services, and the use and sale of Mr. Lamparelli's Work.

111. Mr. Lamparelli is entitled a reasonable percentage of Defendants' profits to compensate him for his time, efforts and the value he contributed to Coincidance.

112. By reason of the foregoing, Mr. Lamparelli has been damaged as against Defendants in a sum to be proven at trial, in excess of two million dollars ($2,000,000.00).

## FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

113. Mr. Lamparelli repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth at length herein.

114. Defendants induced Mr. Lamparelli to add significant musical elements to Defendants' Work and to produce Defendants' Work by promising they would compensate Mr. Lamparelli.

115. The compensation Defendants' promised included payment for Mr. Lamparelli's production services, credit and royalties.

116. As a direct result of the Defendants' promise, Mr. Lamparelli agreed to significantly revise Defendants' Work and create Mr. Lamparelli's Work.

117. Thereafter, Defendants refused to provide any compensation for Mr. Lamparelli's Work and his production services.

118. Defendants provided a clear and unambiguous promise that they would compensate Mr. Lamparelli for his production services and Mr. Lamparelli's Work.

119. To date, Defendants have not compensated Mr. Lamparelli for his production services or Mr. Lamparelli's Work.

120. In addition, Defendants have removed all credit notations on the publications of Coincidance that mention Mr. Lamparelli or miscredit Mr. Lamparelli as a performer.

121.    Mr. Lamparelli reasonably relied on Defendants' promise and provided his production services and created Mr. Lamparelli's Work.

122.    Mr. Lamparelli is entitled to the compensation promised by Defendants.

123.    As a result of Defendants' failure to pay for Mr. Lamparelli's professional services and provide a reasonable royalty as promised, Mr. Lamparelli has been damaged in a sum to be proven at trial, in excess of two million dollars ($2,000,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Lamparelli demands judgment against Defendants on each of the above-referenced claims and causes of action and relief as follows:

a.    Injunctive relief requiring that Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

b.    Injunctive relief requiring that Defendants be amend all registrations regarding Coincidance to include Mr. Lamparelli as a co-author and producer;

c.    Injunctive relief requiring that Defendants provide an accounting for all royalties and revenue produced from Coincidance;

d.    Awarding reasonable royalties and compensatory damages to Mr. Lamparelli for past and future damages, together with interest and costs as provided by law;

e.    Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of Defendants which demonstrated a complete disregard and reckless indifference for the rights and interest of Mr. Lamparelli and to deter future similar conduct;

f.    Awarding Mr. Lamparelli reasonable attorneys' fees;

g.    Awarding Mr. Lamparelli the costs of these proceedings; and

      h.        That Mr. Lamparelli recover judgment for such other and further relief as this court deems just and proper, including maximum pre- and post-judgment interest on all sums due.

## JURY DEMAND

Plaintiff Giacomo Lamparelli hereby demands trial by jury as to all issues.

Dated: New York, New York
June 30, 2022

                                WROBEL MARKHAM LLP

                                By: _____
                                     Daniel F. Markham, Esq.
1407 Broadway, Suite 4002
New York, NY 10018
Tel: (212) 421-8100
*Attorneys for Plaintiff Giacomo Lamparelli*