UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
GIACOMO LAMPARELLI,                                                     :
:
                 Plaintiff,                           :
:         22-CV-5604 (JMF)
      -v-                                                             :
:         MEMORANDUM OPINION
JAMES MANZELLO et al.,                                                  :         AND ORDER
:
                 Defendants.                          :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, familiarity with which is assumed, Plaintiff Giacomo Lamparelli brings claims against Defendants James Manzello and Matthew Pavich relating to *Coincidance*, a parody music video. In January of this year, Defendants moved to dismiss the case for improper venue or, in the alternative, for failure to state a claim. *See* ECF Nos. 49, 53. The Court refrained from deciding the motions in light of the parties' "ongoing mediation and settlement efforts," ECF No. 79, but the motions are now ripe for decision, *see* ECF No. 80.

      Upon review of the parties' motion papers, the Court GRANTS Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a). Notably, Lamparelli does not — and could not — dispute that venue in this District is improper, as both Defendants reside in the Eastern District of New York and all events and omissions giving rise to his claims occurred in that District. *See* ECF No. 51, ¶¶ 3-5; ECF No. 56, ¶¶ 3-5; 28 U.S.C. § 1391(b); *see also, e.g.*, *Water Quality Ins. Syndicate v. Nat'l Pollution Funds Ctr.*, No. 19-CV-6344 (PAE), 2020 WL 417653, at *4 (S.D.N.Y. Jan. 27, 2020) ("Under Rule 12(b)(3) . . . the Court may consider materials outside the pleadings."); *Concesionaria DMH, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (same). Instead, Lamparelli

requests that the Court exercise its discretion to transfer the case to the Eastern District of New York rather than dismiss it. *See* ECF No. 60 ("Pl.'s Opp'n"), at 4-5; *see also, e.g.*, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice.").

The Court denies that request. First, Lamparelli's explanation for why he filed this case in this District in the first instance — that one of the two Defendants "had refused to disclose where he lives," Pl.'s Opp'n 4 — is weak. But even accepting this explanation, it does not justify his response to Defendants' motions to dismiss the First Amended Complaint — which raised the venue issue, *see* ECF No. 30, at 7-8; ECF No. 34, at 6-7; rather than consenting to dismissal (or requesting transfer) at that time, he filed the operative Second Amended Complaint and reasserted that venue was proper here, *see* ECF No. 46, ¶¶ 10-11. Second, Lamparelli identifies no "compelling reason" justifying transfer. *Daniel*, 428 F.3d at 435. To be sure, alleviating the burden of a statute of limitations can be a basis to transfer rather than dismiss, *see id.* at 435-36, and Defendants here do move to dismiss on timeliness grounds, *see* ECF No. 50, at 13-19, 21-22, 24; ECF No. 54, at 3-6, 8-9. Significantly, however, dismissal would not affect the timeliness of Lamparelli's claims. That is, if his arguments on timeliness are correct, a newly filed case in the Eastern District of New York would be timely; if they are incorrect, then transfer would not save his claims anyway.

For the foregoing reasons, Defendants' motions to dismiss this case for improper venue are GRANTED and the case is DISMISSED without prejudice. The Clerk of Court is directed to terminate ECF Nos. 49 and 53 and to close this case.

SO ORDERED.

Dated: June 2, 2023
New York, New York

JESSE M. FURMAN
United States District Judge